IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| v. | § § | EP-19-CR-1077-PRM |
| JOSE MANUEL VALENCIA-MENDOZA, Defendant. | § § § | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW

On this day, the Court held a bench trial in the above-captioned cause. Defendant Jose Manuel Valencia-Mendoza [hereinafter "Defendant"] was present and represented by counsel. At the bench trial, Defendant indicated to the Court that he understood his rights. He then knowingly waived, in writing, his right to trial by jury.

After hearing the evidence, the Court has determined that Defendant is not guilty only by reason of insanity of violating 8 U.S.C. § 1325(a)(1) and 8 U.S.C. § 1326(a). In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law.

**I.   PROCEDURAL BACKGROUND**

By an Indictment filed on April 10, 2020, the Grand Jury charged Defendant with Illegal Felony Entry, in violation of 8 U.S.C. § 1325(a)(1), and Illegal Reentry, in violation of 8 U.S.C. § 1326(a).  ECF No. 10.  The Court also held a mental competency hearing on May 6, 2020, at which it determined that Defendant was competent to stand trial.  Order Setting Mental Competency Hr'g, May 5, 2020, ECF No. 49.

**II.   FINDINGS OF FACT**

Defendant and the Government stipulated to the following facts in writing and on the record during trial.[1]  The Court, therefore, makes the following findings:

(1)   On April 1, 2019, Defendant Jose Manuel Valencia-Mendoza entered the United States from Mexico near Tornillo, Texas, in the Western District of Texas, at a place other than as designated by immigration officers.

---

[1] *See* Factual and Procedural Stipulations, March 18, 2020, ECF No. 45 [hereinafter "Stipulation"].

(2)  A United States Border Patrol Agent found the Defendant on the levee road, north of the Rio Grande River, within the Western District of Texas.

(3)  Immigration records reflect Defendant is a citizen and native of Mexico and an alien to the United States.

(4)  Defendant was removed from the United States on January 31, 2013.

(5)  Defendant did not receive the express consent of the Attorney General or the Secretary of Homeland Security to reapply for admission into the United States.

(6)  Defendant was convicted of Improper Entry by an Alien, in violation of 8 U.S.C. § 1325, on April 14, 2008, in the United States District Court for the District of Arizona, Cause Number 08-12998-001 M.

(7)  On April 9, 2019, counsel for Defendant filed a motion for psychiatric exam and on April 11, 2019, counsel for Defendant filed notice of insanity defense.

(8)  The motion for psychiatric exam was granted on April 9, 2019.

(9)   A clinical interview with Defendant was conducted on April 18, 2019.  Dr. Cynthia D. Rivera opined the Defendant was not competent to stand trial.

(10)  On April 29, 2019, a United States Magistrate Judge held a mental competency hearing.  The Magistrate Judge, after considering Dr. Rivera's report, entered an Order of Commitment.  Therein, the Magistrate Judge determined by a preponderance of evidence that Defendant suffered from a mental disease or defect that rendered him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist in his defense.  As required by 18 U.S.C. § 4241(d), the Magistrate Judge ordered Defendant committed to the custody of the United States Attorney General, to be hospitalized at the Federal Medical Center ("FMC") in Butner, North Carolina, for additional treatment to determine whether there was a substantial probability that in the foreseeable future Defendant would attain the capacity to permit the trial to proceed.

(11) On July 23, 2019, Defendant was admitted to FMC in Butner, North Carolina.

(12) During Defendant's approximately seven (7) month commitment at FMC Butner, he participated in interviews with mental health staff including Dr. Evan S. Du Bois, PsyD Forensic Psychologist.  In addition, Defendant completed psychological testing.  Medical, correctional, and mental health staff also observed Defendant throughout his confinement at FMC Butner.

(13) On or about December 6, 2019, the Court received a competency report dated November 27, 2019, from Dr. Evan S. Du Bois, PsyD Forensic Psychologist, in which it was determined that Defendant was competent to proceed to trial.

(14) On December 2, 2019, the parties, having been apprised of Dr. Du Bois' determination, filed a Joint Motion for Examination and Report pursuant to 18 U.S.C. § 4242 requesting a determination as to Defendant's sanity at the time of the alleged crime.

(15) The Court granted the motion on December 10, 2019.

(16) Dr. Du Bois issued a report dated December 31, 2019, which was thereafter provided to the Court, in which Dr. Dubois concluded that Defendant was unable to appreciate the nature and quality or wrongfulness of his acts as a result of a severe mental disease or defect at the time of the offenses charged.

(17) Based on Dr. Dubois' findings, Defendant was insane at the time he committed the offenses alleged in the Indictment. That is, at the time of the commission of the acts constituting the offenses charged in the Indictment, Defendant, as a result of severe mental disease or defect, was unable to appreciate the nature and quality or the wrongfulness of his acts.

## III. CONCLUSIONS OF LAW

### A. Offenses Charged in the Indictment

The Indictment in the cause charges Defendant Jose Manuel Valencia-Mendoza with violating 8 U.S.C. § 1325(a)(1), which makes it a crime for an alien to enter the United States at a time and place other than as designated. For the Court to find Defendant guilty of 8 U.S.C. § 1325(a)(1), the Government must prove each of the following elements beyond a reasonable doubt:

(1)   Defendant was an alien;

(2)   Defendant knowingly entered the United States;

(3)   Defendant entered at a place other than a designated port of entry; and

(4)   Defendant was previously convicted of a violation of 8 U.S.C. § 1325.

The Court finds that the Government has proven these four elements beyond a reasonable doubt—specifically, (1) Defendant was an alien; (2) Defendant knowingly entered the United States; (3) Defendant entered at a place other than a designated port of entry; and (4) Defendant was previously convicted of a violation of 8 U.S.C. § 1325.

The Indictment in this cause also charges Defendant with violating 8 U.S.C. § 1326(a), which makes it a crime for an alien to enter the United States without consent of the Secretary of the Department of Homeland Security to apply for readmission after being deported, removed, excluded or denied admission. For the Court to find Defendant guilty of 8 U.S.C. § 1326(a), the Government must prove each of the following elements beyond a reasonable doubt:

(1) Defendant was an alien at the time alleged in the Indictment;

(2) Defendant had previously been deported, denied admission, excluded, or removed from the United States;

(3) thereafter, Defendant knowingly entered, attempted to enter, or was found in the United States; and

(4) Defendant had not received the consent of the Secretary of the Department of Homeland Security to apply for readmission to the United States since the time of Defendant's previous deportation.

The Court finds that the Government has proven these four elements beyond a reasonable doubt—specifically, (1) Defendant was an alien at the time alleged in the Indictment; (2) Defendant had previously been deported from the United States; (3) thereafter, Defendant was found present unlawfully in the United States; and (4) Defendant had not received the consent of the Secretary of the Department Homeland Security to apply for readmission to the United States since the time of Defendant's previous deportation.

## B.    Insanity Defense

The parties stipulate that Defendant was insane at the time he committed the offenses alleged in the Indictment.  Accordingly, the Court considers whether Defendant should be found not guilty only by reason of insanity.

As an initial matter, the Court is of the opinion that Defendant may raise an insanity defense because insanity is a valid affirmative defense to all general intent crimes, including Illegal Felony Entry and Illegal Reentry.  Insanity "is not concerned with the *mens rea* element of the crime; rather, it operates to completely excuse the defendant whether or not guilt can be proven." *United States v. Twine*, 853 F.2d 676, 678 (9th Cir. 1988).  *See United States v. Gonyea*, 140 F.3d 649, 651 (6th Cir. 1998) ("[I]nsanity is a defense to all crimes, regardless of whether they require general or specific intent.").  18 U.S.C. § 17 also provides that insanity is "an affirmative defense to a prosecution under *any* Federal statute." (emphasis added).

For the Court to find Defendant not guilty only by reason of insanity, Defendant must prove each of the following by clear and convincing evidence:

(1) That at the time of the crime, Defendant suffered from a severe mental disease or defect; and

(2) that because of a severe mental disease or defect, Defendant was unable to appreciate the nature and quality of his acts, or was unable to appreciate that his acts were wrong. Mental disease or defect does not otherwise constitute a defense.

The Court finds that Defendant has proven these two elements by clear and convincing evidence—specifically, (1) Defendant suffered from a severe mental disease or defect at the time of his crimes; and (2) that because of a severe mental disease or defect, Defendant was unable to appreciate the nature and quality of his acts, or was unable to appreciate that his acts were wrong.

The Court is also mindful that because Illegal Reentry is a continuing offense, in order to obtain an insanity defense to Illegal Reentry a defendant must demonstrate insanity for the entire duration of their Illegal Reentry offense. *See United States v. Santana-Castellano*, 74 F.3d 593, 598 (5th Cir. 1996) (holding that Illegal Reentry "is a continuing offense"). The Court finds Defendant is entitled to an insanity defense here because Defendant has

demonstrated by clear and convincing evidence that he was legally insane for the entire duration of his Illegal Reentry offense, from the time he entered the United States until he was apprehended by law enforcement.

Finally, in order to be excused from commitment to a mental health facility, Defendant has the burden of proving by a preponderance of the evidence "that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect." 18 U.S.C. § 4243. The Court conducted proceedings on the record to consider this matter, and, after reviewing the psychological report filed by James W. Schutte, Ph.D., concludes that Defendant has met his burden. The Court finds that Defendant's release does not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.

## IV. CONCLUSION

Accordingly, the Court **FINDS** Defendant Jose Manuel Valencia-Mendoza **NOT GUILTY ONLY BY REASON OF INSANITY** of the crimes charged in the Indictment in this cause.

The Court **FURTHER FINDS** that the release of Defendant Jose Manuel Valencia-Mendoza would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect.

**SIGNED** this **6th day** of **May, 2020**.

_____
**PHILIP R. MARTINEZ**
**UNITED STATES DISTRICT JUDGE**